GEORGE B. BLAKE & others *vs.* ISAAC AMES & another.

If the holders of a promissory note have been allowed to make a double proof, against the insolvent estate of the maker and also of the indorser, and a second dividend has been declared from one of these estates, which, with a dividend already received from each of them, amounts to more than the claim as proved, though less than the claim with interest, they are not entitled to receive any more of such second dividend than will satisfy the amount of their claim as proved, until the other creditors have also received the full amount of their claims as proved.

BILL IN EQUITY praying for the reversal of a decree of the judge of insolvency, by which the surviving assignee of the estate of Charles H. Mills & Co., insolvent debtors, was ordered not to pay to the plaintiffs the whole of a dividend declared from said estate upon a claim proved by them against it. The case was reserved by the chief justice for the determination of the whole court, upon facts which are sufficiently stated in the opinion.

*B. F. Brooks & J. D. Ball,* for the plaintiffs, cited *Ex parte Wyldman,* 2 Ves. Sen. 113; *Sohier* v. *Loring,* 6 Cush. 548; *Ex parte Martin,* 2 Rose, 87; *Ex parte Reed,* 3 Deac. & Chit. 481; Shelford Bankr. L. 322, 323; Archbold on Bankr. 124, 125; Chit. Bills, (10th Amer. ed.) 729; *Ex parte Reeve,* 9 Ves. 588; *Brown* v. *Lamb,* 6 Met. 210; *Williams* v. *American Bank,* 4 Met. 321.

*A. H. Fiske,* for the defendants, cited, in addition to cases cited for the plaintiffs, *Thomas* v. *Minot,* 10 Gray, 263; *Ex parte Clarke,* 4 Ves. 677; *Ex parte Wood,* 2 Mont. Deac. & De G. 283; *Ex parte Minchin,* 2 Glynn & Jam. 287; *Buffum* v. *Deane,* 4 Gray, 388; *Bromley* v. *Goodere,* 1 Atk. 75; *Ex parte Koch,* 1 Ves. & B. 342; *Ex parte Greenway,* Buck, 412.

HOAR, J. The question in this case is a new one. The plaintiffs, being the holders of certain promissory notes on which William Mason & Co., insolvent debtors, are promisors, and Charles H. Mills & Co., insolvent debtors, are indorsers, have been admitted to a double proof in insolvency against the estates of the two partnerships. They have received a dividend on their

proof against William Mason & Co., and a dividend on their proof against Charles H. Mills & Co. A second dividend has been declared and become payable on the estate of Charles H. Mills & Co., which, with the other dividends, would amount to more than the whole sum proved by them against that estate, but would be less than the whole amount due to the plaintiffs, with interest computed to the date of this last dividend. The question is, whether they are entitled to receive the whole of the dividend, or only so much as will satisfy in full the amount of their debt as proved ? This does not appear to have been settled by any case in this commonwealth, or under the bankrupt law in England.

The case of *Sohier* v. *Loring*, 6 Cush. 548, established the right of a double proof, by the holder of a promissory note, against the estate of the promisors, as well as against the estate of the indorsers, and the right to receive dividends from each estate until the debt is fully satisfied. It has also been held that when the estate of an insolvent is more than sufficient to pay the debts proved, the creditors are entitled to receive, from the surplus, interest to the time of payment, before any of the estate shall be returned to the debtor. *Brown* v. *Lamb*, 6 Met. 209. *Williams* v. *American Bank*, 4 Met. 317. *Buffum* v. *Deane*, 4 Gray, 388.

But the question here is not between the debtor and his creditors, but as to what shall be deemed the full amount of the debt to be satisfied as between the creditors themselves. And we think as between creditors, or separate classes of creditors, the debt due to any creditor is to be taken to mean his debt as provable and proved under the provisions of the insolvent laws.

The case of *Thomas* v. *Minot*, 10 Gray, 263, was founded upon this rule ; but differs from the case at bar in one respect. In that case the separate creditors claimed that, in addition to the full dividend ordered upon their debts as proved, they should also receive interest down to the time of payment, before any surplus of the separate estate should be carried to the credit of the joint estate ; and this claim was denied. In this case the plaintiffs ask for no more than the dividend ordered upon their

debt proved ; but ask that, to the extent of that dividend, they may be allowed to receive and retain not only enough to pay their debt in full as proved, but the interest to which, as against the debtor, they would be entitled down to the time of payment. And they rely on the two English cases of *Ex parte Martin*, 2 Rose, 87, and *Ex parte Reed*, 3 Deac. & Chit. 481. Those cases, however, were both cases in which the bills upon which proof had been made were held as collateral security to another and principal debt; and we think that they were decided correctly upon that distinction. Where the debt proved is collateral security to another debt, the creditor is entitled to the full benefit of his security. The debt to be satisfied is not limited by the amount of any proof, and does not depend upon the amount or value of the security. It is the whole amount due as between the debtor and creditor at the time it is finally paid and discharged.

But as between different creditors, when the inquiry is whether the debt proved is satisfied, its amount can only be determined by the proof. The creditor has the full benefit of his security, by the proof which he is allowed to make against the several parties to the note. But he can receive no payment which will exceed the amount of his debt as proved, until other creditors have also received the whole amount of their debts as proved, because as against them his debt as proved is the whole debt to be satisfied. In this decision we merely extend the principle of *Thomas* v. *Minot* to a case which, we think, in conformity with the spirit and general theory of the insolvent act, equally calls for its application.

There would be no equity in allowing the plaintiffs interest upon the sum which they were entitled to receive, for the time during which its payment has been delayed in consequence of the pendency of the petition.

*Demurrer sustained, and bill dismissed with costs.*